UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN JOSE ROSAS CASTANEDA, | Case No.  1:26-cv-00361-BLW |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and MIKE HOLLINSHEAD, Sheriff of Elmore County, | |
| Respondents. | |

## INTRODUCTION

Before the Court is Petitioner Juan Jose Rosas Castaneda's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1). For the reasons described below, the Court will grant the Petition and order Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a native and citizen of Mexico. He entered the United States in November 2018 and was placed into removal proceedings. On November 14, 2018, he was ordered released on his own recognizance. *Order of Release on Recognizance*, Dkt. 1-1. In November 2019, Petitioner applied for asylum. *Notice*, Dkt. 1-2. Those

**MEMORANDUM DECISION AND ORDER - 1**

proceedings were dismissed without prejudice on the Department of Homeland Security's motion. *See Order of Dismissal*, Dkt. 1-3. Petitioner has no felony convictions, but he has three traffic-related misdemeanor convictions, including one for driving under the influence while under the age of 21. *Judgments*, Dkts. 1-4, 1-5, 1-6. He received no jail time for any of these convictions. *Id.*

On April 24, 2026, Petitioner pleaded guilty to misdemeanor reckless driving. His sentencing hearing, set for June 8, 2026, was continued. ICE officials took Petitioner into custody on the courthouse sidewalk. *Petition* ¶ 30, Dkt. 1. He is now detained at the Elmore County Jail in Mountain Home, Idaho. Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have determined that he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 6–10. Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.*

## ANALYSIS

This Petition presents a statutory issue this Court has resolved dozens of times in the last several months. The deluge of cases stems from a policy shift by the Department

**MEMORANDUM DECISION AND ORDER - 2**

of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) regarding the application of 8 U.S.C. § 1225, which mandates the detention of a limited class of immigrant detainees without the chance for a bond hearing. *See Moctezuma Macias v. Henkey*, No. 1:25-cv-00741, 2026 WL 221450, at *1-2 (D. Idaho Jan. 27, 2026); *see also, e.g.*, *Cordero Esparza v. Knight*, 1:25-cv-00601-BLW, 2025 WL 3228282 (D. Idaho Nov. 19, 2025). There is no need to reanalyze the question here.

As the Court has explained before, noncitizens potentially subject to immigration detention have historically been held under one of two statutes. Section 1225 applied to those "seeking admission into the country"—noncitizens apprehended at or near the border—and did not allow for a bond hearing. Noncitizens already established in the United States, by contrast, were detained under 8 U.S.C. § 1226, which permits discretionary detention and provides bond hearings so that detainees who pose no danger to the community or risk of flight may be released. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). That scheme reflects a longstanding distinction between noncitizens who reside in the United States and those who have not yet entered. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

In July 2025, DHS attempted to erase that distinction. On July 8, 2025, ICE issued "Interim Guidance Regarding Detention Authority for Applicants for Admission," directing that everyone who entered without inspection be subjected to mandatory detention under § 1225(b)(2)(A), no matter when they were apprehended or how long they had lived in the United States. The Board of Immigration Appeals followed suit on September 5, 2025, holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA

MEMORANDUM DECISION AND ORDER - 3

2025), that immigration judges may not conduct bond hearings for those who entered without admission because they are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). Since then, district courts across the country have concluded that this reading violates both the Immigration and Nationality Act and the due process rights of detained immigrants. *See Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

This Court has considered many substantively identical habeas petitions in recent months and has repeatedly rejected Respondents' reading of § 1225. Respondents offer no new argument here, and there is no need to restate the reasoning the Court has already laid out at length in cases such as *Quijada Cordoba v. Knight*, 1:25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025). The Court again finds that Petitioner's mandatory detention under § 1225 is unlawful. *See Moctezuma Macias*, 2026 WL 221450, at *1. This Court's previous cases answer the legal issue. The only remaining question is the appropriate remedy.

A district court has equitable discretion, "as law and justice require," to remedy unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). That discretion is not unbounded, however. Relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court," and "must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up).

Respondents ask that, if the Court concludes § 1226(a) applies, it remand the

MEMORANDUM DECISION AND ORDER - 4

matter to ICE so the agency may conduct the custody determination contemplated by §

1226(a) and its implementing regulations. Under other circumstances, a bond hearing or

other administrative process might be enough to cure an unlawful detention. *See E.C. v.*

*Noem*, No. 2:25-cv-01789, 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025); *see also*

*Hernandez-Lara v. Lyons*, 10 F.4th 19, 45-46 (1st Cir. 2021). That is not the case here.

Petitioner's only convictions are three traffic-related misdemeanors—including a single

conviction for driving under the influence under the age of 21—none of which resulted in

any jail time. And Respondents do not contend that Petitioner is a danger to the

community or a flight risk; to the contrary, they concede that this Petition "presents no

complicating feature from those previously filed petitions for habeas corpus relief

wherein the Court has ordered release." *Response*, at 1-2, Dkt. 8. Those circumstances,

together with Petitioner's long residence in the United States, support his immediate

release.

This Court, as well as courts across the country have ordered release in similar

situations. *See e.g., Avalos Sanchez v. Leyva*, *slip op.*, Case No. 1:26-cv-00361-BLW,

Dkt. 12 at 5-6 (D. Idaho June 25, 2026); *Lepe*, 2025 WL 2716910, at *10; *J.U. v.*

*Maldonado*, No. 25-cv-4836, 2025 WL 2772765, at *10 (E.D.N.Y. Sept. 29, 2025);

*Rosado v. Figueroa*, No. 25-cv-2157, 2025 WL 2337099, at *19 (D. Ariz. Aug. 11,

2025); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4,

2025). As one court put it, "without a legitimate interest in his detention, immediate

release appropriately remedies Respondents' violation of Petitioner's due process rights

through his continued detention." *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL

**MEMORANDUM DECISION AND ORDER - 5**

2792588, at *13-14 (W.D. Tex. Oct. 2, 2025) (cleaned up). The same reasoning applies here.

Respondents' refusal to abandon their unlawful policy also informs the Court's analysis. Because this Court's orders bind only the individual habeas petitioner before it, Respondents will presumably keep enforcing their interpretation of § 1225 against immigrant detainees until the Ninth Circuit issues a binding ruling. Detainees will go on filing nearly identical petitions and then sit in jail awaiting a decision. That delay is itself a substantial deprivation of liberty, and ordering a bond hearing rather than release would only prolong it. Such an approach is not justifiable for an individual who does not appear to be a flight risk or a danger to the community. *See Avalos Sanchez.*, Case No. 1:26-cv-00361-BLW, Dkt. 12 at 5-6.

## ORDER

**IT IS ORDERED that**:

1.  Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2.  Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: June 25, 2026



_____

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6